IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARCUS J. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-1732-RGA |
| | : | Superior Court of the State of |
| C/O TIMOTHY BRADY, et al., | : | Delaware in and for New Castle County |
| | : | Case No. N20C-11-146 AML |
| Defendants. | : | |

Marcus J. Johnson, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Rebecca Song, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants C/O Timothy Brady, Cpl. McCormick, and Warden Robert May.

**MEMORANDUM OPINION**

June 30, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Marcus J. Johnson, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 in the Superior Court of the State of Delaware in and for New Castle County.[1] (D.I. 1-1 at 4-12). He appears *pro se* and was granted leave to proceed *in forma pauperis* by the Superior Court. (D.I. 1-2 at 5). On December 21, 2020, Defendants Timothy Brady, Cpl. McCormick, and Warden Robert May filed a notice of removal. (D.I. 1). Defendant Randall Dotson had not been served when the matter was removed. Plaintiff filed an Amended Complaint on January 11, 2021. (D.I. 10). Before the Court are Defendants' motions to dismiss.[2] (D.I. 4, 11). Briefing is complete. The Court will also review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

**I.    BACKGROUND**

The following facts are taken from the Amended Complaint and assumed to be true for purposes of ruling on the pending motions and screening the Amended Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff alleges that he was unreasonably stripped searched in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (D.I. 10 at 1, 2).

---

[1] When bringing a §1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] Defendants' motion to dismiss the original complaint will be dismissed as moot. Plaintiff's Amended Complaint is the operative pleading. (D.I. 10).

1

At 11:45 a.m. on June 19, 2020, Plaintiff was told that he was being transferred to isolation and given ten minutes to return to his cell and pack his belongings. (*Id.* at 4). Defendant C/O Brady, with two other correctional officers, came to Plaintiff's cell. (*Id.*). Brady told Plaintiff, "it's been ten minutes," and Plaintiff ignored him. (*Id.*). Brady then said, "Oh, you want to be a smartass. I have something for people like you." (*Id.*).

Brady handcuffed Plaintiff and escorted Plaintiff to the receiving room. (*Id.*). While there, Brady strip searched Plaintiff. (*Id.*). Plaintiff was given a SHU (*i.e.*, Security Housing Unit) uniform and escorted to isolation in SHU Building #18. (*Id.*). Plaintiff, Brady, and the K-9 Unit arrived at SHU Building #18, C-Tier within five minutes. (*Id.*). As Plaintiff entered the cell, Defendant Cpl. McCormick asked Brady if Plaintiff had been strip searched. (*Id.* at 5). Brady indicated that he strip searched Plaintiff in receiving, "but we can get him again." (*Id.*). McCormick responded, "let's do it," and Plaintiff was strip searched again. (*Id.*). After the second strip search, Brady stated, "I told you that I had something for you smart ass." (*Id.*). Plaintiff alleges that the second strip search was unreasonable and harassment. (*Id.* at 7).

The same day, between 4:00 and 5:00 p.m., Plaintiff was strip searched a third time by Defendants John Doe #1 and #2. (*Id.* at 5). At the time of third search, Plaintiff had not been outside of his cell, had no contact with anyone aside from Department of Correction officials, and had no opportunity to obtain any form of contraband. (*Id.*). Plaintiff alleges that the third strip search was unreasonable and harassment. (*Id.* at 7) Every day thereafter until July 2, 2020, Plaintiff was strip searched by some combination of Defendants John Does #3 to #28. (*Id.* at 5). As an inmate in isolation, Plaintiff does not have unsupervised contact with anyone, including DOC staff. (*Id.* at 5-6). Plaintiff

2

alleges that the strip searches conducted by Does #3 to #28 were unreasonable and harassment. (*Id*. at 7).

Plaintiff wrote a staff complaint to Defendant Randall Dotson and complained about the strip searches. (*Id*. at 6). On July 12, 2020, Plaintiff wrote a staff complaint/appeal to Defendant Warden May regarding the strip searches. (*Id*.). The Warden's office responded that "no policy was violated." (*Id*.). Plaintiff was told by Lt. Spencer that strip searches formerly took place during each shift, but the policy was changed upon orders from Dotson, Security, and the Warden to a strip search inmates housed in isolation once a day. (*Id*.).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 8).

## II. LEGAL STANDARDS.

### A. Rule 12(b)(6)

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 545. Factual allegations do not have to be detailed, but may provide more than labels, conclusions, or a "formulaic recitation" of the claim

elements. *Id*. ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

### B. Screening of Complaint

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson*, 551 U.S. at 93. Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

4

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not

be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Defendants move to dismiss the claims raised against Defendants in their official capacities. They also move to dismiss the claims against Defendants in their individual capacities on the grounds that they are barred by qualified immunity, the claims of harassment and retaliation do not establish constitutional or statutory right violations, and the claims against May fail for lack of his personal involvement.

### A. Eleventh Amendment

Defendants are sued in their individual and official capacities. (D.I. 10 at 2). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless

6

of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

The State of Delaware has neither consented to Plaintiff's suit nor waived its immunity. Therefore, the claims against Defendants in their official capacities will be dismissed.

**B.     Strip Search**

An inmate's challenge to a strip search is a cognizable § 1983 claim under the Fourth and Eighth Amendments. *See Williamson v. Garman*, 2017 WL 2702539, at *4 (M.D. Pa. June 22, 2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979)); *see also Parkell v. Danberg*, 833 F.3d 313 (3d Cir. 2016). Plaintiff's allegations implicate violations of the Fourth Amendment. *See Marrow v. Pennsylvania*, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 2018) (citing *Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992)) (Fourth Amendment applies when inmate alleges the strip search was unreasonable). Here, Plaintiff alleges he was strip searched three times within 24 hours and thereafter on a daily basis pursuant to a policy enacted by Dotson, Security, and

7

the Warden even though he had no opportunity to obtain contraband.[3] He also refers to statements made by Brady and McCormick to support his claims that the second strip was unnecessary and unreasonable. Plaintiff may proceed on these claims.[4]

The strip search claims raised under the Eighth and Fourteenth Amendments fail as a matter of law. Plaintiff does not allege that the searches were conducted in a physically abusive manner. *See Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. 2011) (Eighth Amendment applies when inmate alleges that the strip search was conducted in a physically abusive manner). Nor were Plaintiff's Fourteenth Amendment rights violated by reason of the strip searches. *See Parkell v. Danberg*, 833 F.3d at 334.

## IV. CONCLUSION

Based upon the above discussion, the Court will: (1) dismiss as moot Defendants' motion to dismiss the original complaint; (2) grant in part and deny in part Defendants' motion to dismiss the Amended Complaint; and (3) enter a service order for

---

[3] Plaintiff's allegations that Warden May ordered the daily searches suffices to allege May's personal involvement.

[4] The Court does not address the issue of qualified immunity at this juncture. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, __U.S.__, 139 S. Ct. 500, 503 (2019). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009); *see also Pearson v. Callahan*, 555 U.S. 223, 239 (2009). A full analysis of whether qualified immunity applies to Plaintiff's claims against Defendants is premature because there are unresolved questions of fact relevant to the analysis. Therefore, I will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to Defendants' ability to later raise the defense.

Defendant Randall Dotson. Plaintiff will be allowed to proceed against Defendants on the Fourth Amendment strip search claims. All other claims will be dismissed.

An appropriate Order will be entered.