IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCUS J. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-1732-RGA |
| | : Superior Court of the State of |
| C/O TIMOTHY BRADY, et al., | : Delaware in and for New Castle County |
| | : Case No. N20C-11-146 AML |
| Defendants. | : |

**MEMORANDUM**

1.      **Introduction**.  Plaintiff Marcus J. Johnson, a former inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 in the Superior Court of the State of Delaware in and for New Castle County.  (D.I. 1-1 at 4-12).  Plaintiff has since been released from prison.  (D.I. 35).  Plaintiff appears *pro se* and was granted leave to proceed *in forma pauperis* by the Superior Court.  (D.I. 1-2 at 5).  Before the Court are Plaintiff's request for counsel and motion to compel discovery.  (D.I. 21, 30).

1.      **Request for Counsel**.  Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he has extremely limited law library access due to his incarceration and work release, he has unsuccessfully sought retained counsel, his case has merit, and he has limited knowledge of the law.  (D.I. 21).

2.      A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However,

representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor determinative.  Tabron, 6 F.3d at 157.

4. I have reviewed the docket in this case as well as Plaintiff's filings.  To date, Plaintiff has ably represented himself in this matter.   In addition, the issues are not complex.  Finally, Plaintiff is no longer incarcerated which should facilitate his ability to prosecute his case.   Upon consideration of the entire record, I have concluded that counsel is not warranted.  Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

5. **Motion to Compel**.   Plaintiff moves to compel Defendants to respond to discovery served upon them on July 23, 2021 and September 3, 2021.  (D.I. 30).  Defendants oppose the motion on the grounds that Plaintiff prematurely sought

discovery before their answer was due.  (D.I. 31). The opposition is well-taken. Defendants had until November 29, 2021 to file their answer.  Plaintiff sought discovery well-before that time.  Therefore, Plaintiff's motion to compel will be denied.

      6.    **Conclusion**.  Based upon the above discussion, the Court will: (1) will deny without prejudice Plaintiff's request for counsel (D.I. 21); and (2) deny Plaintiff's motion to compel (D.I. 30).  A separate order shall issue.


                                                                /s/ Richard G. Andrews
                                                            UNITED STATES DISTRICT JUDGE

January 21, 2022
Wilmington, Delaware